**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

ROBERT CUADRADO,
     Petitioner,

     v.                                                          No. 3:15-cv-1202 (SRU)

A/W RODRIGUEZ,
     Respondent.

## RULING ON PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Robert Cuadrado, filed this habeas corpus action pursuant to 28 U.S.C. §
2254, challenging his conviction for violation of a protective order, witness tampering and
assault.  For the reasons that follow, the petition is dismissed without prejudice to refiling.

The federal court will entertain a petition for writ of habeas corpus challenging a state
court conviction only if the petitioner claims that his custody violates the U.S. Constitution or
federal laws.  28 U.S.C. § 2254(a).  Before filing a petition for writ of habeas corpus in federal
court, however, the petitioner must properly exhaust his state court remedies.  *See O'Sullivan v.
Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A).  The Second Circuit requires the
district court to conduct a two-part inquiry.  First, a petitioner must present the factual and legal
bases of his federal claim to the highest state court capable of reviewing it.  Second, he must
have utilized all available means to secure appellate review of his claims.  *See Galdamez v.
Keane*, 394 F.3d 68, 73–74 (2d Cir. 2005).

In his federal petition, the petitioner states that the judgment of conviction was entered on
August 15, 2014, pursuant to a plea agreement.  He did not appeal the judgment.  His motion to
correct illegal sentence, directed to the thirteen-year period of special parole, was denied.  The
petitioner did not appeal the denial.  The petitioner filed a second motion to correct illegal

sentence directed to the sixty-year full no contact order.  The motion was denied.  The petitioner did not appeal the denial.  The petitioner also states that he filed a state habeas petition directed to the no contact order.  That petition remains pending.  Finally, the petitioner states that he filed a motion to correct illegal sentence with regard to the two counts of assault.  He states that he has not yet received a hearing on his motion.

The petitioner asserts three grounds in his petition:  (1) the thirteen-year period of special parole exceeds the statutory maximum, (2) he did not agree to a lifetime protective order as part of the plea agreement, and (3) his conviction on two counts of sexual assault violated his right to be free from double jeopardy.  The petitioner concedes in the petition that he has not exhausted his state court remedies with regard to any of the grounds for relief.  He merely states that he does not believe that he will obtain the result he wants.  This belief is insufficient to excuse the petitioner from exhausting his state court remedies.  *See Parker v. Kelchner*, 429 F.3d 58, 63 (3d Cir. 2005) (unfavorable ruling by state supreme court on same claim rendered petitioner's claim less likely to succeed but did not excuse exhaustion requirement) (gathering cases).

The petition for writ of habeas corpus (doc. 1) is **DISMISSED** without prejudice for failure to exhaust state court remedies.  The petitioner may file another federal habeas petition after he has presented all of his grounds for relief to the Connecticut Supreme Court.  The Clerk is directed to close this case.

Because reasonable jurists would not find it debatable that the petitioner failed to exhaust his state court remedies, a certificate of appealability will not issue.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the

2

correctness of the district court's ruling).


It is so ordered.

Dated at Bridgeport, Connecticut, this 11th day of August 2015.


                                           /s/  STEFAN R. UNDERHILL
                                           Stefan R. Underhill
                                           United States District Judge